IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MARY WRIGHT PAINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:20-cv-00545 |
| ) | |
| CLUBCORP, INC., SEQUOIA ) | |
| MANAGEMENT SERVICES, LLC & ) | |
| RIVER RUN COUNTRY CLUB, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Defendants ClubCorp, Inc.[1], Sequoia Management Services, LLC and River Run Country Club ("Defendants"), hereby notice the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to the United States District Court for the Western District of North Carolina, and as grounds therefor state:

**I.       Timeliness of Removal**

On August 27, 2020, Plaintiff Mary Wright Painter ("Plaintiff") filed a civil action against Defendants in the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, designated as File No. 20-CVS-11520. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served upon or by, or received by, Defendants in this action to date.

---

[1] ClubCorp, Inc. is no longer an active corporate entity. It merged into ClubCorp USA, Inc., which is the parent company of Sequoia Management Services, LLC.

The Summons and Complaint were received by Defendant ClubCorp, Inc. on or about September 8, 2020, by Defendant Sequoia Management Services, LLC on or about September 15, 2020, and by Defendant River Run Country Club on or about September 3, 2020.

Accordingly, Defendants are filing this Notice of Removal within 30 days of service of Plaintiff's Complaint and, therefore, timely filing this Notice, as required by 28 U.S.C. § 1446(b).

## II.     Venue

The General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina is located within the Charlotte Division of the United States District Court for the Western District of North Carolina.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.    Basis for Removal:  Federal Question Jurisdiction

This action is properly removable under 28 U.S.C. § 1441(b) because the United States District Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In determining whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action. Most of the cases brought under § 1331 federal question jurisdiction are "those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 809 (1986). In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction. *Id. See also Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Plaintiff's Complaint asserts claims under Title VII ("Title VII") of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e, *et. seq.*) and the Fair Labor Standards Act of 1938

("FLSA"), as amended (29 U.S.C. § 203 *et. seq.*). Federal law creates the causes of action under which Plaintiff brings her claims pursuant to Title VII and FLSA. By asserting these claims under federal law, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**IV.     Supplemental Jurisdiction (28 U.S.C. § 1367)**

This Court has supplemental jurisdiction over Plaintiff's state law claims asserted under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241.1, *et. seq.* and the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. § 143-422.1, *et. seq.* Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action that "they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims a "common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America*, 383 U.S. 715, 725 (1966).

Here, Plaintiff's state law claims under REDA and NCEEPA are inextricably intertwined with her claims under Title VII and FLSA. Plaintiff's claims all arise out of a common nucleus of operative facts, i.e., Plaintiff's employment and subsequent termination therefrom. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims raise neither novel, nor complex issues of state law. Likewise, Plaintiff's state law claims do not predominate the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling

3

reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(b). Thus, removal is proper under 28 U.S.C. § 1441(c).

**V.     Conclusion**

In accordance with 28 U.S.C. § 1146, copies of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of Superior Court of Mecklenburg County, North Carolina. A copy of Defendants' notice of filing to state court is attached hereto as **Exhibit B**.

By removing this matter, Defendants do not waive or intend to waive any applicable defenses.

WHEREFORE, Defendants respectfully request that this Court take Jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina.

Dated this the 30th day of September, 2020.

Respectfully submitted,

/s/Kelly S. Hughes
Kelly S. Hughes, NC #33439
Akya S. Rice, NC #54655
*Attorneys for Defendants ClubCorp, Inc. and Sequoia Management Services, LLC*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: kelly.hughes@ogletree.com
         akya.rice@ogletree.com

4

/s/Charles E. Johnson
Charles E. Johnson, NC # 9890
Travis S. Hinman, NC # 50779
*Attorneys for Defendant River Run Country Club*
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: 704-377-2536
Facsimile: 704-378-4000
Email: cejohnson@robinsonbradshaw.com
       thinman@robinsonbradshaw.com

# CERTIFICATE OF SERVICE

I, Kelly S. Hughes, hereby certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system. I also certify that I have served a copy of the same via United States Certified Mail, return receipt requested, properly addressed and with the correct amount of postage affixed thereon, to:

Jenny L. Sharpe, Esq.
J. SHARPE, PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
Telephone: 704-944-3272
Facsimile: 704-944-3201
Email: sharpeattorney@gmail.com
*Attorney for Plaintiff*

Dated this the 30th day of September, 2020.

/s/Kelly S. Hughes
Kelly S. Hughes, NC #33439
*Attorney for Defendants ClubCorp, Inc. and Sequoia Management Services, LLC*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: kelly.hughes@ogletree.com

44405541.1